IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **LARON DAWN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **RADIOSHACK CORP.** | ) Case No. |
| A Delaware Corporation | ) |
| Registered Agent: | ) |
| CSC-Lawyers Incorporating Service Co. | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Laron Dawn, by and through his counsel, for his Complaint against RadioShack Corp. ("RadioShack" or "Defendant"), alleges and states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant for unpaid regular and overtime compensation and related penalties and damages. Defendant's practice and policy is to willfully fail and refuse to properly pay compensation for travel time that is considered "work" and compensable time by law.

2. Defendant's policies and practices are in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Missouri wage laws, Mo. Rev. Stat. § 290.500 *et seq.*, and Plaintiff seeks monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief to seek redress for Defendant's willful and unlawful conduct.

3. At all relevant times hereto, Defendant has been an employer engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. § 203 and Missouri wage laws, Mo. Rev. Stat. § 290.500(4). At all relevant times hereto, Defendant employed Plaintiff. At all times relevant hereto, Defendant has had gross operating revenues in excess of Five Hundred Thousand Dollars ($500,000.00).

## PARTIES

4. Plaintiff Laron Dawn ("Plaintiff" or "Dawn") is a Missouri resident currently residing at 346 Spruce, Unit 1, Kansas City, Missouri. Dawn was employed by Defendant as a sales representative from April 2011 to June 2012 and assigned to work at Defendant's retail location at 9040 N. Skyview Ave., Kansas City, Missouri.

5. Defendant RadioShack is a Delaware corporation doing business nationally with its principal place of business in Fort Worth, Texas. RadioShack operates at least 15 different locations in Kansas City, Missouri, including the location at which Plaintiff Dawn primarily worked.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Defendant pursuant to 28 U.S.C. § 1331 and pursuant to 29 U.S.C. § 216(b), which provides in relevant part that suit under the FLSA "may be maintained against any employer . . . in any Federal or State Court of competent jurisdiction."

7. This Court has supplemental jurisdiction for all claims asserted under the Missouri wage laws in that the claims under this law are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative fact, the state claim would not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interest of judicial economy, convenience, fairness, and comity.

8. The United States District Court for the Western District of Missouri has personal jurisdiction over Defendant inasmuch as Defendant conducts business within this District.

9. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant maintains offices, conducts business, and/or could be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in substantial part in this District.

## FACTUAL ALLEGATIONS

10. RadioShack maintains and operates retail locations nationwide.

11. From April 2011 until June 2012, Plaintiff Laron Dawn was employed as a sales representative at one of Defendant's retail stores, located at 9040 N. Skyview Ave., 2423, Kansas City, Missouri.

12. From time to time, RadioShack requested that Plaintiff leave one RadioShack store to travel to a different RadioShack store and work there for the remainder of the work day.

13. It was RadioShack's practice and policy to require Plaintiff to clock out when leaving the first location and then clock back in when arriving to the second location even though such travel time is working time pursuant to the FLSA.

14. Plaintiff was not paid regular or overtime wages for the time he spent traveling from one store to another.

15. Notwithstanding the fact that Plaintiff complained that he should be paid for such travel time, RadioShack refused to permit Plaintiff to remain "clocked in" while driving to the second location.

## COUNT I – FAIR LABOR STANDARDS ACT

16. Plaintiff incorporates each preceding paragraph as though fully set forth herein.

17. At all relevant times herein, Defendant has been an employer engaged in

interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

18. At all relevant times herein, Defendant employed Plaintiff in a non-exempt positions within the meaning of the FLSA.

19. The FLSA requires each covered employer to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half (1.5) times the regular pay for work performed in excess of forty (40) hours in a workweek.

20. Defendant willfully and intentionally engaged in a persistent pattern and practice of violating provisions of the FLSA by failing and refusing to pay the correct amount of regular and overtime wages to Plaintiff Laron Dawn, who was not paid for travel time that should have been considered working time pursuant to the FLSA.

21. Defendant willfully and intentionally failed to maintain records accurately reflecting the number of all hours actually worked by Plaintiff, who was not permitted to remain clocked in during travel time from one location to another, as required by regulations pursuant to the FLSA at 29 C.F.R. §§ 516.1, *et seq.*

22. The foregoing conduct, as alleged, constitute willful violations with the meaning of the FLSA, 29 U.S.C. § 255(a).

23. As a direct and proximate cause of Defendant's actions, Plaintiff Laron Dawn suffered damages, including but not limited to his unpaid compensation, unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonable delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

b. An injunction against Defendant and their officers, agents, successors, employees, representatives, along with any and all persons or entities acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns of conduct set forth herein;

c. An award of damages for regular and overtime compensation due to Plaintiff including liquidated damages to be paid by Defendant;

d. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

e. Pre-judgment and post-judgment interest as allowed by law; and

f. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT TWO – MISSOURI WAGE LAWS

24. Plaintiff incorporates each preceding paragraph as though fully set forth herein.

25. Defendant failed to pay Plaintiff regular and overtime compensation as required by Missouri law.

26. Defendant's failure to pay the correct amount of regular and overtime compensation violates the Missouri wage law, Mo. Rev. Stat. § 290.505.

27. Because Defendant failed to properly pay regular and overtime pay as required by law, Plaintiff is entitled under the Missouri wage laws to bring this civil action under Mo. Rev. Stat. § 290.527, is entitled to overtime compensation due to him at a rate of one and one-half

(1.5) times the regular pay rate of pay for all overtime hours worked in the past two years under Mo. Rev. Stat. § 290.505 and § 290.527, and under Mo. Rev. Stat. § 290.527 to recover additional liquidated damages in the same amount, and to recover costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. A declaratory judgment that the practices complained of herein are unlawful under the Missouri wage laws;

b. An award of damages for regular and overtime compensation due to the Plaintiff including liquidated damages allowed under Missouri law;

c. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

d. Pre-judgment and post-judgment interest, as provided by law; and

e. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to trial by jury.

## DESIGNATED TRIAL LOCATION

Plaintiff, by and through his counsel of record, hereby designates the place of trial as Kansas City, Missouri.

Respectfully submitted,

KRIGEL & KRIGEL, P.C.

_____
Lara Krigel Pabst      Mo Bar #62208
4550 Belleview
Kansas City, MO 64111
Phone: (816) 756-5800
Fax:    (816) 756-1999
lpabst@krigelandkrigel.com

ATTORNEY FOR PLAINTIFF LARON DAWN